## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TEXAS – BEAUMONT DIVISION

| | |
|---|---|
| ISM INDUSTRIES, INC. | CIVIL ACTION NO. |
| VERSUS | SECTION "   "   MAGISTRATE # |
| STEARNS, CONRAD AND SCHMIDT, CONSULTING ENGINEERS, INC. d/b/a SCS ENERGY, MITCHELL ENERGY SERVICES, LLC, and KILGORE INDUSTRIAL CIVIL, L.L.C. | JUDGE |
| | MAGISTRATE |

## NOTICE OF REMOVAL

Defendant, Stearns, Conrad and Schmidt, Consulting Engineers, Inc. d/b/a SCS Energy ("SCS") files this Notice of Removal and removes the action entitled *ISM Industries, Inc. v. Stearns, Conrad and Schmidt, Consulting Engineers, Inc. d/b/a SCS Energy, Mitchell Energy Services, LLC, and Kilgore Industrial Civil, L.L.C.*, bearing No. A180382-C, from the 128th Judicial District, Orange County, Texas, to the Beaumont Division of the United States District Court for the Eastern District of Texas. Detailed below, this Court has subject matter jurisdiction in this case because: (1) there is complete diversity of citizenship between Plaintiff ISM Industries, Inc. ("ISM") and Defendant SCS; and (2) the Court should ignore the citizenship of the remaining non-diverse Defendants (Mitchell Energy Services, LLC, ("Mitchell") and Kilgore Industrial Civil, L.L.C. ("Kilgore")) on grounds of improper joinder—specifically, ISM cannot establish a cause of action against Mitchell and Kilgore in the state court action.

### A.      Procedural Background

1.      On October 1, 2018, ISM filed an action entitled ISM Industries, Inc. v. Stearns, Conrad and Schmidt, Consulting Engineers, Inc. d/b/a SCS Energy, Mitchell Energy Services,

LLC, and Kilgore Industrial Civil, L.L.C., bearing No. A180382-C, in the 128th Judicial District, Orange County, Texas (the "State Action").

2.      A copy of all process, pleadings, and orders served upon SCS in the State Action is attached as Exhibit 1.

3.      The information listed in Local Rule CV-81(c) is attached as Exhibits 2 and 2a.

4.      SCS was served on October 11, 2018 with the petition for the State Action.

5.      This Notice of Removal is filed within thirty (30) days after SCS's receipt of the petition setting forth the claim for relief upon which this action is based and is timely pursuant to 28 U.S.C. § 1446(b).

6.      Pursuant to 28 U.S.C. §§ 124(c)(2) and 1441(a), this Notice of Removal is properly filed in the Beaumont Division of the Eastern District of Texas because the jurisdiction of this Court embraces Orange County, the County in which the State Action is now pending.

7.      The amount in controversy requirement is also satisfied here because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  The face value of the contract at issue is approximately $1.7 million and alleged disputed amounts exceed $1 million. Further, ISM pleads in the State Action that the "amount in controversy related to the instant cause of action is in excess of $1,000,000."[1]

8.      Pursuant to § 1446(d), SCS is filing a copy of this Notice of Removal with the Clerk of the 128th Judicial District, Orange County, Texas, and is also giving written notice of the removal to all adverse parties.

---

[1] *See* Ex. 1 at R_005. Exhibit 1 is the state court record, which has been consecutively paginated R_001 through R_026 for ease of reference.

B.      **The State Court Action**

9.      Effective on or about September 8, 2017, SCS contracted with ISM for the construction of a biomethane facility in Keithville, Louisiana (the "Project"). SCS and ISM executed a "Service Purchase Order," which incorporated SCS's Prime Contract with the Project's owner (collectively, the "Subcontract"), setting forth the terms and conditions for performance of ISM's work on the Project.[2] The University of California is the Project's Owner.

10.     The Subcontract sets forth a procedure for the submission and approval of change orders. ISM submitted change order requests to SCS for approval.

11.     ISM alleges in the State Action that SCS wrongfully delayed or denied change orders for work completed by ISM and ISM's subcontractors and vendors.

12.     ISM claims that SCS's conduct gives rise to four causes of action against SCS: (1) breach of contract; (2) unjust enrichment; (3) violation of the Texas Prompt Pay Act; and (4) declaratory relief under the Texas Declaratory Judgment Act ("TDJA").

13.     ISM also names its subcontractors—Mitchell and Kilgore—as ostensible defendants under Count 4 (i.e., TDJA) requesting the state court to "construe the obligations of ISM to Kilgore and Mitchell related to the additional work provided by said parties . . . ."[3] Detailed below, ISM cannot state a cause of action against Mitchell and Kilgore under the TDJA in the State Action. To the contrary, ISM's attempted joinder of Mitchell and Kilgore, which are Texas domiciliaries, is an improper attempt to defeat the complete diversity requirement under § 1332.

---

[2] *See generally* Ex. 3.  Exhibit 3 has been consecutively paginated Pages 1 through 377 for ease of reference.

[3] *See* Ex. 1 at R_016.

{N3718991.1}

C.      **Improper Joinder of Mitchell and Kilgore**

14.     Plaintiff ISM is a Texas corporation with its principal place of business located in Vidor, Orange County, Texas.[4]

15.     Defendant SCS is a Virginia corporation with its principal place of business in Long Beach, California.[5]

16.     Defendant Mitchell is a Texas limited liability company with its principal place of business in Lorena, McLennan County, Texas.[6]

17.     Defendant Kilgore is a Texas limited liability company with its principal place of business in Beaumont, Jefferson County, Texas.[7]

18.     ISM and SCS are completely diverse under § 1332. However, ISM's inclusion of Mitchell and Kilgore as defendants, both of whom are Texas domiciliaries, defeats complete diversity absent other circumstances.

19.     Notwithstanding complete diversity, an action is nevertheless removable if the non-diverse defendant, such as Mitchell or Kilgore, is improperly joined to defeat diversity jurisdiction. *See Kemp v. CTL Distribution Inc.*, 440 Fed. Appx. 240, 244 (5th Cir. 2011) (holding that defendant met burden to show improper joinder where plaintiffs could not prevail on claims in pending state court action); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (upholding district court's findings of improper joinder in part because the record did not support any inference that the plaintiff was going to actively pursue claims against the non-diverse defendant).

---

[4] *See* Ex. 1 at R_006.

[5] *Id.*

[6] *Id.*

[7] *Id.*

20.     There are two ways to demonstrate improper joinder: (1) actual fraud in the jurisdictional facts, or (2) incapability of the plaintiff to sustain a cause of action against the non-diverse party in state court. *Griggs*, 181 F.3d at 698. This case falls under the second scenario.

21.     The Fifth Circuit has made clear that the question of fraudulent joinder "depends on whether there is arguably a reasonable basis for predicting that the state law might impose liability [on the resident defendant] on the facts involved, or whether there was a reasonable basis in law and fact for the claim against the resident defendant." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176-77 (5th Cir. 1968)).

22.     To simply plead "a valid state law claim" does not automatically dissolve the issue of fraudulent joinder. *Id.* The district court should "pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties." *Id.* (citing *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992)).

23.     Improper joinder of a defendant "is a basis for disregarding the citizenship of the misjoined party." *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 562 (N.D. Tex. 2009); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) ("When a plaintiff names a non-diverse defendant solely in order to defeat diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court.").

24.     Here, to begin with, ISM has not pled a cognizable declaratory judgment action against Mitchell or Kilgore. It is axiomatic that the TDJA is merely a procedural device; "it does not create any substantive rights or causes of action." *Smith v. BCE, Inc.*, 225 Fed. Appx. 212, 216 (5th Cir. 2007) (denying remand where lower court dismissed declaratory judgment claim that was predicated on a breach of contract claim that was also dismissed); *see also Juliff*

*Gardens v. Texas Comm'n on Environmental Quality*, 131 S.W.3d 271, 277 (Tex. App. 2004) (recognizing principle that the TDJA does not confer additional jurisdiction on a court but instead makes declaratory relief available as a remedy for a cause of action already within the court's jurisdiction).

25.     ISM does not plead a substantive cause of action against Mitchell or Kilgore—that is, ISM does not plead that Mitchell or Kilgore breached any contracts or other obligations that may exist between ISM and Mitchell or Kilgore. It is further undisputed that SCS does not have any contractual relationship with Mitchell or Kilgore. Altogether, a declaration that SCS did or did not breach its contract with ISM is not a cognizable claim to confer jurisdiction on the state court to then decide claims that may exist between ISM, Mitchell, and Kilgore.

26.     More importantly, ISM's self-styled declaratory judgment claim against Mitchell or Kilgore is not curable by amending pleadings. Instead, there is no justiciable controversy among ISM, Mitchell, and Kilgore to resolve in the State Action at this time. Said another way, the facts do not indicate "the imminence of litigation between [ISM and Mitchell or Kilgore] unless the contractual uncertainties were judicially declared." *See Reuter v. Cordes-Hendreks Coiffures, Inc.*, 422 S.W.2d 193, 196 (Tex. App. 1967) (holding that no justiciable controversy existed to decide declaratory relief concerning the terms of the settlement agreement when no party contemplated violating it).

27.     A justiciable controversy exists only if parties are asserting conflicting claims. *See Fort Bend County v. Martin-Simon*, 177 S.W.3d 479, 483-84 (Tex. App. 2005).  In this case, ISM does not assert conflicting claims against Mitchell or Kilgore. The reverse is also true: there is no indication that Mitchell or Kilgore intend to enforce any agreement against ISM. In sum, ISM's "declaratory judgment merely requests that this Court provide an abstract declaration of the rights of the parties under the contract. Federal courts are not empowered to give advisory

opinions." *Educ. Mgmt. Servs. v. Cadero*, No. SA-14-CA-587, 2015 U.S. Dist. LEXIS 183297, at *5 (Jan. 7, 2015) (dismissing declaratory action for lack of jurisdiction where the plaintiff failed to demonstrate an actual case and controversy).

28.     ISM has not and cannot at this time plead a valid claim against Mitchell or Kilgore in the State Action. As a result, ISM improperly joined Mitchell and Kilgore in the State Action to circumvent this Court's jurisdiction. But the Court should disregard the citizenship of Mitchell and Kilgore to decide complete diversity. And in doing so, this Court has original jurisdiction pursuant to § 1332, and the case is removable to pursuant to § 1441(a) because there is complete diversity of citizenship between SCS and ISM and the amount in controversy exceeds the sum of $75,000.00.

**WHEREFORE**, having met all the requirements for removal under 28 U.S.C. §§ 1441, *et seq.*, including all the jurisdictional requirements of 28 U.S.C. § 1332, SCS removes the action entitled *ISM Industries, Inc. v. Stearns, Conrad and Schmidt, Consulting Engineers, Inc. d/b/a SCS Energy, Mitchell Energy Services, LLC, and Kilgore Industrial Civil, L.L.C.*, bearing No. A180382-C, from the 128th Judicial District, Orange County, Texas, to the Beaumont Division of the United States District Court for the Eastern District of Texas.

Respectfully submitted,

*/s/ Christopher Cazenave*
Christopher D. Cazenave (24096182) (Lead)
Amy K. Anderson (24077064)
Jones Walker LLP
811 Main St, Suite 2900
Houston, TX 77002
504.582.8408 *tel*; 504.589.8408 *fax*
Email: ccazenave@joneswalker.com
Email: aanderson@joneswalker.com

*Counsel for Defendant Stearns, Conrad and Schmidt, Consulting Engineers, Inc. d/b/a SCS Energy*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 9th day of November, 2018, a true and correct copy of the above and foregoing document has been electronically filed with the foregoing Clerk of the Court using the CM/ECF system and that written notice of this filing will be sent via U.S. Mail to the following:

James E. Wimberley
Law Offices of James Wimberley
221 S. Highway 69
P.O. Box 1786
Nederland, TX 77627
Tel: (409) 853-4095
Fax: (409) 853-1462
Email: jim@wimberley.com

*Counsel for Plaintiff, ISM Industries, Inc.*

Stuart C. Yoes
The Yoes Law Firm, L.L.P.
3535 Calder Avenue, Suite 235
Post Office Drawer 7584
Beaumont, TX 77726-7584
Tel: (409) 833- 2352
Fax: (409) 838-5577
Email: scy@yoeslawfirm.com

*Counsel for Defendant, Kilgore Industrial Civil, L.L.C.*

Brian Mitchell, Managing Member/President
Mitchell Energy Services, LLC
139 Mid Tex Rd.
Lorena, TX 76655
Tel: (254) 857-3000
Fax: (254) 857-3006
Email: bmitchell@mitchellenergyservices.net

*Registered Agent for Mitchell Energy Services, LLC*

                                        */s/  Christopher D. Cazenave*
                              _____