CT Corporation

**Service of Process Transmittal**
10/11/2018
CT Log Number 534210038

TO: Suzanne Helak
Stearns, Conrad And Schmidt, Consulting Engineers, Inc.
3900 Kilroy Airport Way, Suite 100
Long Beach, CA 90806

RE: **Process Served in Texas**

FOR: Stearns, Conrad And Schmidt, Consulting Engineers, Inc.  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ISM INDUSTRIES, INC., PLTF. vs. STEARNS, CONRAD AND SCHMIDT CONSULTING ENGINEERS, INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | CITATION, PETITION, REQUESTS, ATTACHMENT |
| **COURT/AGENCY:** | 128th Judicial District Court, Orange County, TX<br>Case # A180382C |
| **NATURE OF ACTION:** | REQUESTS FOR DISCLOSURE PURSUANT TO RULE 194(see document for additional information) |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/11/2018 postmarked on 10/08/2018 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 A. M. on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | JAMES F. WIMBERLEY<br>LAW OFFICES OF JAMES WIMBERLEY<br>221 S. Highway 69<br>P.O. Box 1786<br>Nederland, TX 77627<br>409-853-4095 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780102833402<br><br>Image SOP<br><br>Email Notification,  Suzanne Helak  SHelak@SCSEngineers.com<br><br>Email Notification,  Thomas W.A. Barham  tbarham@scsengineers.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit 1

R_001

Law Offices of James Wimberley
221 S. Highway 69
PO Box 1786
Nederland, TX 77627



CERTIFIED MAIL

7017 1450 0000 0630 4741



UNITED STATES POSTAGE
PITNEY BOWES
$007.15⁰
02 1P
0000753408 OCT 08 2018
MAILED FROM ZIP CODE 77627

Stearns Conrad & Schmidt Consulting Engineers Inc
CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201

R_002

CIVIL CITATION – CITCVWD

## THE STATE OF TEXAS

**To:** **Stearns, Conrad and Schmidt, Consulting Engineers, Inc.**
**CT Corporation System**
**1999 Bryan Street, Suite 900**
**Dallas TX  75201**

Defendant, **NOTICE:**
**YOU HAVE BEEN SUED.**  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

Said          **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the Honorable 128th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave,  Orange, Texas on October 1, 2018 in the following styled and numbered cause:

**Cause No:  180382-C**

**ISM Industries, Inc. VS. Stearns, Conrad and Schmidt, Consulting Engineers, Inc. et al**

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
**James E Wimberley**
**221 S. Highway 69**
**Nederland TX  77627**
**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this October 1, 2018.



**VICKIE EDGERLY, District Clerk**
Orange County, Texas

*Vickie Edgerly*

## RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____, M., and executed in _____County, Texas, at _____ o'clock _____.M., on the _____ day of _____, 20____, by delivering, in accordance with the requirements of law, to the within named _____In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant _____

the diligence used to execute being _____

the cause of failure to execute is _____

the defendant may be found _____

TOTAL FEES: _____          BY:_____

R_003

## CIVIL CASE INFORMATION SHEET

**FILED: 10/1/2018 2:35 PM**
**Vickie Edgerly, District Clerk**
**Orange County, Texas**
**Reviewed By: Brandi Bouley**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: A180382-C   128th   COURT *(FOR CLERK USE ONLY)*:

STYLED
ISM Industries, Inc. vs.
Stearns, Conrad and Schmidt, Consulting Engineers, Inc. d/b/a SCS Energy,
Mitchell Energy Services, LLC and Kilgore Industrial Civil, L.L.C.

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

### 1. Contact information for person completing case information sheet:

Name: James Wimberley
Email: jim@jwimberley.com
Address: 221 S. Highway 69
City/State/Zip: Nederland, TX 77627
Telephone: 409-853-4095
Fax: 409-853-1462
State Bar No: 21750350
Signature:

**Names of parties in case:**
Plaintiff(s)/Petitioner(s):
ISM Industries, Inc.

Defendant(s)/Respondent(s):
Stearns, Conrad and Schmidt, Consulting Engineers, Inc. d/b/a SCS Energy, Mitchell Energy Services, LLC and Kilgore Industrial Civil, L.L.C.

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

**Civil**

**Contract**
*Debt/Contract*
☐ Consumer/DTPA
☒ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:
   Breach of Contract
*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

**Family Law**

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other
**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Paternity/Parentage
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

**Probate & Mental Health**
*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☒ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

R_004

FILED: 10/1/2018 2:35 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Brandi Bouley

NO. A180382-C

| | | |
|---|---|---|
| ISM INDUSTRIES, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | 128th JUDICIAL DISTRICT |
| | § | |
| STEARNS, CONRAD AND SCHMIDT, | § | |
| CONSULTING ENGINEERS, INC. d/b/a | § | ORANGE COUNTY, TEXAS |
| SCS ENERGY, MITCHELL ENERGY | § | |
| SERVICES, LLC, and KILGORE | § | |
| INDUSTRIAL CIVIL, L.L.C. | § | |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR DECLARATORY JUDGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, ISM Industries, Inc., hereinafter referred to sometimes as "ISM" and files this its Original Petition and Application for Declaratory Judgment complaining of Stearns, Conrad and Schmidt, Consulting Engineers, Inc. d/b/a SCS Energy, Mitchell Energy Services, LLC and Kilgore Industrial Civil, L.L.C. ("Kilgore") and in support of said cause of action against said Defendants would show as follows.

I.
Amount in Controversy

Plaintiff would show that the amount in controversy related to the instant cause of action is in excess of $1,000,000.00.

II.
Discovery Level

Plaintiff, ISM, elects to complete discovery pursuant to Level III of the Texas Rules of Civil Procedure, including particularly Rule 190.4. Plaintiff would request that the Court, after appearance by all parties in this matter, allow the parties to jointly submit for approval by the Court, a proposed Docket Control Order setting appropriate deadlines and proposed trial date. In the absence of an agreed submission of a proposed Docket Control Order, Plaintiff would request that the Court issue its own Docket Control Order setting deadlines and trial dates in compliance with the rules.

III.
Parties

Plaintiff, ISM Industries, Inc., is a Texas corporation with its principle place of business located in Vidor, Orange County, Texas.

Defendant, Stearns, Conrad and Schmidt, Consulting Engineers, Inc. sometimes d/b/a SCS Energy is a Virginia corporation organized under the laws of the State of Virginia and may be served with process by serving the Defendant through its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

Defendant, Mitchell Energy Services, LLC (herein "Mitchell" and/or "Subcontractor No.1"), is a limited liability company organized under the laws of the State of Texas, with said entity headquartered in the State of Texas, and with said Defendant to be served by serving its registered agent, Brian Mitchell, at 139 Mid Tex Road, Lorena, Texas 76655.

Defendant, Kilgore Industrial Civil, L.L.C. (herein "Kilgore" and/or "Subcontractor No. 2"), is a limited liability company, organized under the laws of the State of Texas, also headquartered in the State of Texas, with said entity/Defendant to be served by serving its registered agent Stuart Yoes, at 3535 Calder Avenue, Suite 235, Beaumont, Texas 77706.

IV.
Venue

Plaintiff, ISM Industries, Inc., is an industrial services company providing fabrication, erection, capital construction and maintenance services for benefit of its customers, including primarily industrial customers primarily involved in the oil and gas, energy and related industries. ISM routinely provides services not only within the State of Texas but also, at request of its customers, including project owners, general contractors and design build contractors, and provides services outside of the State of Texas. Plaintiff, ISM, would show that it was contacted at its Vidor, Orange County, Texas offices by authorized representatives of the Defendant, SCS Energy, requesting that ISM provide bids for proposed fabrication and/or erection services of a new capital project being designed and constructed by SCS Energy for the benefit of its customer,

2

R_006

the University of California (herein "University" and/or "Owner"). ISM prepared proposed bids related to the services requested by SCS Energy, including preparation of relevant bids at the Company's Vidor, Orange County, Texas offices. The bids were then forwarded by ISM, from its Vidor, Orange County, Texas offices to SCS Energy for review, comment and potential modification and/or enhancement. Ultimately, a bid acceptable to SCS Energy was prepared by ISM at its Vidor, Orange County, Texas offices, with same being finally submitted by ISM to SCS Energy for its review, consideration and approval. Upon approval of the bid, SCS Energy prepared its proposed subcontract, which proposed subcontract was submitted by SCS Energy to ISM at its Vidor, Orange County, Texas offices for review consideration and ultimate approval. The subject Subcontract Agreement was ultimately approved by ISM at its Vidor, Orange County, Texas offices and subsequent to same, the Company mobilized and commenced completion of the construction, fabrication and other services require not only under the original scope of work, but as also required incident to change requests submitted to or on behalf of SCS Energy related to the subject project. In order to complete the project, ISM also engaged the services of other subcontractors and vendors, including Kilgore and Mitchell, whose requests for proposals incident to assistance in completing ISM portion of the project were submitted by said subcontractors and vendors to ISM for approval at ISM's Vidor, Orange County, Texas facilities, with relevant purchase orders then being issued by ISM to its vendors and subcontractors from its Vidor, Orange County, Texas offices.

As work was completed under the terms and conditions of the agreements entered into between ISM and SCS Energy, ISM would invoice SCS Energy from its Vidor, Orange County, Texas offices, with payments then being made by SCS Energy to ISM at its Vidor, Orange County, Texas offices. Further, as additional work was requested and/or demanded by SCS Energy, ISM would prepare proposed change orders and related documentation for consideration and approval by SCS Energy with said change order documentation being prepared by and ultimately approved by ISM at its Vidor, Orange County, Texas offices. The approvals and/or comments of said

3

Change Order Requests, and where applicable, rejection and/or partial rejection by SCS Energy of said Change Order Requests were submitted by SCS Energy to ISM at its Vidor, Orange County, Texas offices, with the parties continuing negotiation and consideration of the pending, yet not finally approved, Change Order Requests submitted by ISM to SCS Energy.

These disputed Change Orders included Change Requests related to work completed by not only ISM, but also by Subcontractors No. 1 and No. 2. Ultimately, the failure of SCS Energy to not only approve appropriate Change Order Requests submitted by ISM to SCS Energy, as well as the failure of SCS Energy to pay invoices due and owing to ISM, including not only invoices for the original contracts, but also invoices submitted for pending yet disputed Change Order Requests is the basis of the instant litigation. Plaintiff would show that a substantial portion of the claims and actions made the basis of the instant dispute occurred and/or arose in Orange County, Texas, including, without limitation, those detailed more particularly hereinabove. As such, pursuant to applicable provisions of Texas Civil Practices and Remedies Code, Plaintiff would show that venue is proper in the District Court of Orange County, Texas.

V.
Backgrounds Facts and Claims

Plaintiff, ISM Industries, Inc., is a Texas based fabrication, erection, capital construction and maintenance/turn-around contractor providing fabrication, erection, construction and maintenance services for various industrial clientele, including, without limitation, industrial clientele primarily serving the oil and gas and energy industries throughout the United States. ISM is headquartered in Vidor, Orange County, Texas, with said headquarters not only including ISM's fabrication facilities, but also its corporate headquarters where (i) responses to bid requests and/or requests for proposals are prepared, negotiated and submitted by or on behalf of ISM, (ii) where project status reports and project billing reports are prepared by ISM and (iii) where ISM routinely provides and submits invoicing to its customers, with said invoicing requiring payment to ISM Orange County, Texas controlled facilities. While ISM, from time-to-time, contacts

4

customers directly related to proposed projects, in most cases, ISM is solicited by customers to provide bid and/or responses to requests for proposals requested by said customers, with said bids and/or requests for proposals being prepared at ISM's Orange County, Texas facilities. Customers contacting ISM for submission of bids and/or responses to requests for proposals include not only owners of projects, but also general contractors, including both constructions related general contractors and design build general contractors, with those contacts being related to construction projects being proposed and/or controlled by said general contractor and/or design build contractors for the benefit of third-party owners of the proposed projects.

ISM would show that it was contacted by authorized representatives of the Defendant, SCS Energy, requesting that ISM provides bids and/or responses to requests for proposals related to the providing of certain new capital construction and/or fabrication and erection services related to the construction of a portion of a new energy project being constructed, on a design-built basis, by SCS Energy for the benefit of its customer, The University of California. At the time of the contacts by SCS Energy to ISM, including the contacts requesting preparation of bids and/or responses to requests for proposal, SCS Energy, as the design build contractor for The University of California project (herein "Project"), had not completed all drawings and specifications for the Project and/or had not obtained final approval for the designs and specifications for the Project from its customer. Notwithstanding same, SCS Energy requested that ISM prepare its bids utilizing the partial and/or incomplete information made available to ISM, with the understanding that the bid submissions tendered by ISM were preliminary and subject to modification, including subject to likely modification, if not substantial modification, as the plans and specifications were finalized and as SCS Energy's customer, The University of California (herein "University) approved and/or modified the design, drawings and specifications for the Project, including, without limitation, completion and approval of designs, drawings and specifications related to the portion of the Project being completed by Plaintiff, ISM. In compliance with this request, ISM completed bids based upon preliminary and incomplete information provided by SCS Energy to

5

ISM, which preliminary bids and the approval of same by SCS Energy ultimately resulted in the issuance of a Subcontract Agreement (herein "Subcontract" and/or "Agreement") being entered into by and between SCS Energy and ISM and resulted in the issuance of purchase orders and other agreement by ISM to its vendors and subcontractors, including Kilgore and Mitchell.

The Subcontract Agreement entered into by and between Plaintiff ISM and Defendant SCS Energy included provisions detailing procedures for the approval of Change Orders and Change Order Requests as discovered and/or requested by ISM, including Change Order Requests related to additional field work requested by SCS Energy and/or its authorized representatives, additional change order related work related to modifications and/or additions to the scope of work originally proposed by SCS Energy to ISM and Change Order Requests related to modifications and/or amendments to the plans, specifications and drawings submitted by SCS Energy to ISM, including the temporary and/or bid specific drawings, specifications and plans, albeit incomplete, that were originally submitted by Defendant, SCS Energy to ISM incomplete plans and specs, which ultimately resulted in the original bid proposal submitted by ISM that resulted in issuance of the Subcontract Agreement.  Further during the change process, authorized representatives of SCS Energy also dealt directly with ISM's vendors and subcontractors, including, without limitation, Subcontractor No. 1, Mitchell, and made representations and warranties to said parties related to the approval of future and related change order requests.

In the interim, both before and while the Project was being completed, and while changes and/or modifications to the plans, drawings and specifications were being submitted by SCS Energy to ISM, ISM began retaining its subcontractors and vendors, including, without limitation, the Defendants Mitchell and Kilgore (herein "Subcontractor No. 1" and "Subcontractor No. 2"). Said Subcontractors, in compliance with not only purchase orders issued by ISM to said Subcontractors, but also in reliance upon the plans, specifications and drawings submitted by SCS Energy, as well as representations made by said Defendant to the subcontractors, began

6

providing products and services in completion of the Project, which products and services benefited not only SCS and its customer, The University, but also ISM. As the necessity for Change Order Requests were identified by ISM, including Change Order Requests related to not only field requested changes, modifications and/or additions to the scope of work, but also change orders necessitated by changes and/or amendments in the plans, specifications and drawings submitted by SCS Energy to ISM, ISM provided notice of same, where applicable to its vendors and subcontractors, including the Defendant Subcontractors. In fact, certain subcontractors were clearly aware that payments for additional work would be subject to and delayed by approvals for said change orders by SCS Energy, who in turn had made representations and warranties to not ISM, but also various subcontractors, related to the expected timely approval of pending change order requests.

Such changes and modifications resulted in additional work being completed by the Subcontractors, including additional work and/or products authorized by ISM, which additional work and/or products was authorized by ISM to the Subcontractors in reliance upon representations and warranties made by SCS Energy that formal Change Order Requests would be approved by SCS Energy authorizing payment of additional funds to ISM, including additional funds that would be for the benefit of not only ISM, but also its vendors and subcontractors, including the Defendant Subcontractors. Notwithstanding those representations and warranties, as detailed hereinafter, SCS Energy ultimately failed and refused and still fails and refuses to approve properly submitted Change Order Requests submitted by or on behalf of Plaintiff ISM, including, but not limited to, Change Order Requests intended to compensate not only ISM for its additional products and services, but also to compensate ISM's vendors and subcontractors, including the Defendants Subcontractor No. 1 and Subcontractor No. 2.

Plaintiff, ISM, would show that although the Defendant, SCS Energy wrongfully delayed approval and/or denied approval for substantial change orders for additional work completed by Plaintiff and its vendors and subcontractors, including Subcontractor No. 1 and Subcontractor No.

R_011

2, and although final approved change orders were not timely issued by SCS Energy to ISM, ISM continued prosecution of the Project, including the providing of such additional services, outside of the original scope, and as mandated by the changes and specifications, drawings and plans, which completion of such additional work by ISM was mandated under the terms and conditions of the subject Subcontract Agreement. More particularly, the said agreement provides that although it is **preferable** that ISM obtain approved change orders before completing any additional work, the agreement also provides, and mandates, that in the event of a disagreement by and between the parties, including, without limitation, a disagreement as to the scope of any additional work and/or the cost and expense, as well as extension of the time associated with any additional work, ISM **was obligated to continue** to advance the Project **despite the disagreement** between the parties as to the definition of the scope and any pending, though disputed change orders, with the agreement further providing that the disputes would ultimately be resolved pursuant to dispute resolution procedures contained within the subject Subcontract Agreement.

At the urging of not only SCS Energy's representatives directed to ISM, but also the representations and warranties made by SCS Energy to not only ISM but also its subcontractors and vendors, including, without limitation, Subcontractor No. 1 and Subcontractor No. 2, including representation of warranties that change orders would ultimately be approved and that further funds would be made available to pay not only ISM but also its subcontractors, including Subcontractors No. 1 and No. 2, ISM and its subcontractors continued to prosecute the completion of the Project, which Project has now been substantially complete although ISM and several of its subcontractors remain onsite completing final components of the Project as necessary to authorize the commencement of startup operations and ongoing general operations.

Despite ISM's completion of its obligations under the terms and conditions of the Subcontract Agreement. Defendant SCS has failed and refused to approve pending subcontract request submitted by ISM, including the failure of SCS Energy to even negotiate in good faith

8

related to the approval of said pending Change Order Requests, in addition to same, SCS Energy has further failed and refused to pay even the contracted sums, including the remaining sums due and owning under the original contract, all of which has apparently been intended by Defendant SCS Energy to place Plaintiff in a precarious economic condition such that Defendant SCS Energy could induce and/or attempt to induce Plaintiff ISM to accept "pennies on the dollar" related to the pending, yet approved, and clearly unpaid, Change Order Requests, as well as the funds due and owing to ISM by SCS Energy under the remaining, though unpaid, portion of the original contract and approved change orders that remain unpaid by SCS Energy.        Plaintiff, ISM would show that these acts and omissions on the part of SCS Energy have been a producing and/or approximate cause of certain substantial damages due and owing to Plaintiff for which Plaintiff herein sues. Pleading further, Plaintiff would further show that the acts and omissions of the Defendant, SCS, in failing to comply with its contractual obligations under the terms and conditions of the subcontract agreement have resulted in the subcontractor Defendants, including Subcontractor No. 1 and Subcontractor No. 2 making demands upon ISM for payment of sums due and owing to said subcontractors.

Such demands were made even though said subcontractors were aware of the fact that these sums and ISM's ability to pay same, was subject to approval by Defendant SCS Energy of the properly submitted though improperly denied pending Change Order Requests, which has resulted in additional claims, though premature, being made by the Defendant Subcontractors, the payment of which and/or the obligation to pay is the basis of Plaintiffs request for Declaratory Judgment relief from the Court as to not only the nature and extent of the sums due and owing to the Defendant subcontractors, but also the obligation of Defendant SCS Energy to pay sums due and owing to ISM as necessary to allow ISM to pay said Defendant subcontractors.

Plaintiff would show, in conclusion, that the acts and omissions of the Defendant SCS Energy, as well as the premature claims of the Defendant subcontractors have resulted in substantial damages to Plaintiff, ISM, far in excess of the minimum jurisdictional limits of this Court

R_013

for which Plaintiff herein sues and for which Plaintiff seeks Declaratory relief as detailed hereinabove and as detailed further hereinafter.

VI.
Breach of Contract Against Defendant SCS Energy

Restating all previous allegations, Plaintiff ISM would show that it performed its obligation under the subcontract agreement entered into with Defendant SCS Energy and that notwithstanding said compliance and performance, Defendant SCS Energy has breached the contract by failing to remit timely and fully payment of the balance due and owing to Plaintiff ISM and a sum in excess of $1.2 Million dollars due and owing under the contract and due and owing related to the pending Change Order Requests properly submitted under the terms and conditions of the subject subcontract, all of which are properly due and payable to Plaintiff ISM for the services, labor and material ISM, its vendors and subcontractors provided to Defendant SCS and the Project as defined herein.

As a result of the breach of the subcontract agreement, Plaintiff ISM would show that it sustained damages within the jurisdictional business Court and that all conditions proceeded have been performed and occurred as necessary to entitle ISM to recover its damages under the subcontract agreement.

By way of additional plea and in the alternative, ISM further asserts that it and Defendant SCS Energy have entered into an implied in fact contract by way of the acts and conduct of ISM and Defendant SCS Energy and/or an implied in law contract where by the law imposes an obligation between the parties to do justice, i.e. to pay ISM (and its subcontractors) for the labor, materials, goods and services it and its vendors and subcontractors provided and which labor, materials, goods and services were accepted by and benefited the Defendant SCS Energy and its customer, the University. Plaintiff, ISM, would show that Defendant SCS Energy has breached the subcontract agreement with ISM causing damages to ISM in an amount in excess of $1,200,000.00 plus interest, attorneys fees and costs of Court for which they are entitled pursuant

R_014

to Texas Civil Practices and Remedies Code Section 38.001, et sync and Texas Rules of Civil

Procedure 131 and 141, as well as any other applicable statute and/or common law.

VII.
Second Cause of Action: Quantum Meruit/Unjust Enrichment

Restating all previous allegations, as if fully set forth therein, and pleading alternatively,

Plaintiff ISM would show that it seeks recovery from the Defendant SCS Energy for damages

provided in Quantum Meruit in an amount that is more than $1 Million dollars. More particularly,

Plaintiff ISM would show that as a direct result of ISM, its vendors and subcontractors providing

labor, materials, goods and services to Defendant SCS Energy and its customer, the University,

a benefit was conferred upon the Defendant SCS Energy and its customer, the University, with

SCS Energy and the University willingly and know accepting ISM's labor, materials, goods and

services after providing ISM reasonable expectation that there would be complete compensation

payable to ISM.

Plaintiff ISM would show that if ISM is not allowed to recover, ISM would not be completely

compensated for the reasonable value of the labor, materials, goods and services provided and

that the Defendant, SCS Energy (and its customer, the University), would be unjustly enriched

and Plaintiff ISM would suffer a substantial loss. Plaintiff ISM would show the reasonable labor,

materials, goods and services that remains to be paid is an amount of not less than $1 Million

dollars and that ISM further seeks recovery of interest, attorneys' fees and costs of Court pursuant

to Texas Civil Practices and Remedies Code Section 38.001, et sync and pursuant to Texas Rules

of Civil Procedure Rule 131 and 141 and pursuant to any other applicable statute and/or common

law.

VIII.
Third Cause of Action: Violations of the Texas Prompt Pay Act and Claim for Interest

Restating all previous allegations, as if incorporated herein, Plaintiff would show that ISM

seeks recovery of damages as outlined in this pleading pursuant to Tex. Prop. Code Chapter 28,

et sync known as the Texas Prompt Pay Act. More specifically, Plaintiff ISM would show that the

R_015

Texas Prompt Pay Act requires prompt payment to contractors, such as ISM, which Defendant SCS Energy has failed to do despite repeated false promises of payment made to ISM. Additionally, and more particularly, Plaintiff ISM would show that Defendant SCS Energy has not provided any excuse or reason it has refused to pay and that as a result of same, Defendant SCS Energy has violated the Texas Prompt Pay Act. More than thirty-five (35) days have passed since the Defendant has received a written payment request from Plaintiff ISM for amount said Defendant owes ISM under the subcontract agreement and incident to same and pursuant to the provisions to the Texas Prompt Pay Act, Plaintiff ISM is entitled to recovery from the Defendant SCS Energy statutory penalty interest at a rate of one and a half percent (1.5%) per month beginning on the thirty-sixth (36th) day after the Defendant SCS Energy received ISM's payment request on the principle sum.

In the alternative, Plaintiff ISM seeks to recover from the Defendant SCS Energy interest on the principle sum due and owing to ISM in the approximate sum of $1,200,000.00 at the highest rate allowed by law as provided and authorized by the Texas Finance Code.

IX.
Declaratory Judgement Act

Restating all previous allegations, and pleading alternative, Plaintiff ISM would request that the Court, in compliance with Chapter 37 of the Texas Civil Practices and Remedies Code, more commonly known as the Texas Declaratory Judgment Act, (i) construe the relative rights of the parties under the terms and conditions of the Subcontract Agreement, the multiple change orders approved by Defendant SCS Energy, though unpaid to ISM and the multiple pending, thought unapproved and/or disputed Change Order Requests submitted by ISM to SCS Energy, including those submitted related to Mitchell and Kilgore, (ii) that the Court construe the obligations of ISM to Kilgore and Mitchell related to the additional work provided by said parties related to pending, though not yet approved change orders submitted to SCS Energy, (iii) that the Court construe that Defendant SCS Energy is obligated to pay sums due and owing to ISM under

12

the terms and conditions of the original subcontract agreement, (iv) that the Court construe that Defendant, SCS Energy, is obligated to pay ISM the reasonable and/or fair value of the products, services, materials and labor provided by ISM, its vendors and subcontractors to SCS Energy and its customer, the University, as reflected in the pending, though disputed and/or unapproved Change Order Requests, (v) that the Court construe the Change Order Requests and the timing of same as necessary to determine the reasonable time when the Change Order Requests should have been approved, (vi) that the Court construe the obligations of Defendant SCS Energy to pay not only the sums due and owing related to said pending, though disputed Change Order Requests, but also reasonable interest, as detailed hereinabove, from the date that the Change Order Requests should have been properly and timely approved by Defendant, SCS Energy, and (vii) that the Court, in compliance with this Declaratory Judgment Request, further award Plaintiff, ISM, its reasonable attorneys fees as further authorized by Chapter 37 of the Texas Civil Practices and Remedies Code.

X.
<u>Attorneys Fees, Interests and Costs of Court</u>

Restating all previous allegations and pleading alternatively, Plaintiff would show that as a result of the acts and omissions of the Defendant, SCS Energy, detailed hereinabove, Plaintiff ISM has been caused to retain to undersigned counsel for the collection of the debts due and owing as described herein above,  as has or will incur reasonable and necessary attorneys fees, expenses and costs of Court for the collection of the outstanding sums due and owing to ISM by the Defendant, SCS Energy, in amounts to be proven at the time of trial for which Plaintiff herein seeks recovery, with said attorneys fees, expenses and costs of Court being recoverable pursuant to not only Texas Civil Practices and Remedies Code Section 38.001 et sync, but also pursuant to Texas Property Code Section 53.156 and the Texas Rules of Civil Procedure Rule 131 and 141. Plaintiff would show that attorney's fees and costs should be awarded for services rendered through and including and including the time of trial, any post trial motions and any appeals.

R_017

XI.
Conditions Satisfied

All conditions preceding have been performed, have occurred, or have been waived to entitle ISM to recover damages alleged herein.

XII.
Rule 193.7 Notice

Pursuant to Tex. R. Civ. P. 193.7, ISM hereby gives actual notice to all parties that any and all documents produced may be used against any and/or all parties producing the document at any pretrial proceeding and/or trial of this matter without the necessity of authenticating the document.

XIII.

Rule 194 Requests for Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant are requested to respond to Rule 194 Disclosures, detailed hereinafter, and to supplement same in compliance with the rules.

WHEREFORE, PREMISES CONSIDERED, for the reasons detailed hereinabove, Plaintiff, ISM Industries, Inc. prays that the Defendant, SCS Energy be cited to appear and answer herein, that the Plaintiff recover judgment for its actual damages to be previewed at the time of trial, statutory interests under the prompt payment statute, attorneys fees in the trial and appellate Courts, costs of Court any trial and appellate Courts, costs of sued, prejudgment and post judgement interests of the highest allowable rates and all other relief the Court deems appropriate; and in addition to the foregoing, Plaintiff, ISM requests that in addition to Defendant SCS Energy, that the Defendants Subcontractor No. 1 and Subcontractor No. 2 defined hereinabove be cited to appear herein, that upon final hearing the Court issue a Declaratory Judgment construing the relative rights of not only ISM but also the Defendants SCS Energy, Subcontractor No. 1 and Subcontractor No. 2 as requested hereinabove, that the Court issue appropriate Declaratory Judgment enforcing the rights of the parties, including the rights of ISM as pled hereinabove, that

R_018

the Court award ISM its reasonable attorney's fees pursuant to the Declaratory Judgment Act,

and that the Court award ISM such other and further relief at law and in equity to which it may

show itself justly entitled.

Respectfully Submitted,

LAW OFFICES OF JAMES WIMBERLEY
221 S. Highway 69
P.O. Box 1786
Nederland, TX  77627
(409) 853-4095
(409) 853-1462 - Facsimile
jim@jwimberley.com

BY: _____
      JAMES E. WIMBERLEY
      Texas Bar No. 21750350

ATTORNEYS FOR PLAINTIFF,
ISM INDUSTRIES, INC.

R_019

## **REQUESTS FOR DISCLOSURE PURSUANT TO RULE 194**

(a)     The correct names of the parties to the lawsuit;

(b)     The name, address, and telephone number of any potential parties;

(c)     The legal theories and, in general, the factual basis of the responding party's claims or defenses;

(d)     The amount and method of calculating economic damages, if any;

(e)     The name, address and telephone number of persons having knowledge of relevant facts, and a brief Statement of each identified person's connection with the case;

(f)     For any testifying expert:

    (1)     The expert's name, address, and telephone number;

    (2)     The subject matter on which the expert will testify;

    (3)     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of you or your client, documents reflecting such information;

    (4)     If the expert is retained by, employed by, or otherwise subject to the control of you or your client:

        (A)     All documents, tangible things, reports, models, or data compilations that have been provided to, revealed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)     The expert's current resume and bibliography;

(g)     Any discoverable indemnity and insuring agreements;

(h)     Any discoverable settlement agreements;

(i)     Any discoverable witness Statements;

(j)     All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting disclosure of such medical records and bills;

(k)     All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)     The name, address and telephone number of any person who may be designated as a responsible third party.

R_020

FILED 10/23/2018 3:48 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes



201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
504-582-8000
Fax 504-582-8583
www.joneswalker.com

Christopher D. Cazenave
Direct Dial: 504-582-8408
Direct Fax: 504-589-8408
ccazenave@joneswalker.com

October 23, 2018

**Via E-mail (jim@wimberley.com)**

James Wimberley
Law Offices of James Wimberley
221 S. Highway 69
P.O. Box 1786
Nederland, TX 77627

      Re:   *ISM Industries, Inc. v. Stearns, Conrad and Schmidt Consulting Engineers, Inc.*
            *d/b/a SCS Energy et al.*, Case No. A1803822C, 128th Judicial District Court,
            Orange County, Texas

Dear Jim:

      This letter is to confirm our Rule 11 Agreement concerning SCS Energy's deadline to file responsive pleadings in the above-referenced case. Specifically, you agree on behalf of ISM Industries, Inc. that SCS Energy will have thirty (30) days to answer or otherwise respond to the Original Petition starting from the date either party notifies the other party that settlement discussions are no longer constructive at this stage.

      Please note that my firm does not represent the other named defendants—Mitchell Energy Services, LLC and Kilgore Industrial Civil, L.LC. As such, this letter relates only to SCS Energy's deadline to file responsive pleadings.

      If this accurately reflects the parties' agreement, please sign below and return to me.

                        Sincerely,

                        Christopher D. Cazenave

{N3675292.1}

JONES WALKER LLP

ALABAMA · ARIZONA · DISTRICT OF COLUMBIA  FLORIDA  GEORGIA · LOUISIANA · MISSISSIPPI · NEW YORK · TEXAS

October 23, 2018
Page 2


Law Offices of James Wimberley


James Wimberley
Counsel for ISM Industries, Inc.

{N3675292.1}

FILED 10/29/2018 11:21 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

CAUSE NO. A180382-C

| | | |
|---|---|---|
| ISM INDUSTRIES, INC., | § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| | § | |
| vs. | § | ORANGE COUNTY, TEXAS |
| | § | |
| STEARNS, CONRAD AND SCHMIDT, | § | |
| CONSULTING ENGINEERS, INC. d/b/a | § | |
| SCS ENERGY, ET AL., | § | |
|     Defendants | § | 128TH JUDICIAL DISTRICT |

DEFENDANT, KILGORE INDUSTRIAL CIVIL, L.L.C.'S. ORIGINAL ANSWER

**COMES NOW**, Kilgore Industrial Civil, L.L.C., Defendant, in the above-entitled and numbered cause of action, and makes this its Original Answer to Plaintiff's Original Petition and Application for Declaratory Judgment filed on or about the 1st day of October 2018 and would respectfully show unto the Court as follows:

Defendant denies each and every, all and singular, the allegations of Plaintiff's Original Petition and Application for Declaratory Judgment and asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and Defendant specifically requests that Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the evidence. Defendant will amend this Answer as necessary.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by way of its Original Petition and Application for Declaratory Judgment and that Defendant recover its costs and such other and further relief to which it may show itself justly entitled.

1

Respectfully submitted,

THE YOES LAW FIRM, L.L.P.
3535 Calder Avenue, Suite 235
Post Office Drawer 7584
Beaumont, Texas 77726-7584
Tel:  (409) 833-2352
Fax:  (409) 838-5577
Email:  scy@yoeslawfirm.com


By: _____
Stuart C. Yoes
State Bar No. 00798605

ATTORNEYS FOR DEFENDANT,
KILGORE INDUSTRIAL CIVIL, L.L.C.


### CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October 2018, a true and correct copy of the above and foregoing document has been e-served on Plaintiff's attorney, James E. Wimberley, 221 S. Highway 69, Nederland, TX 77627; email: jim@wimberley.com.


_____
Stuart C. Yoes

2

FILED 11/1/2018 9:17 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

## CAUSE NO. A180382-C

| | | |
|---|---|---|
| ISM INDUSTRIES, INC., | § | IN THE DISTRICT COURT OF |
| **Plaintiff** | § | |
| | § | |
| vs. | § | ORANGE COUNTY, TEXAS |
| | § | |
| STEARNS, CONRAD AND SCHMIDT, | § | |
| CONSULTING ENGINEERS, INC. d/b/a | § | |
| SCS ENERGY, ET AL., | § | |
| **Defendants** | § | 128TH JUDICIAL DISTRICT |

## CERTIFICATE OF WRITTEN DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

On this date, pursuant to the Texas Rules of Civil Procedure, Defendant, Kilgore Industrial Civil, L.L.C., served the following document on Plaintiff, ISM Industries, Inc.:

**Defendant's Request for Disclosure**

SIGNED this the 1st day of November 2018.

Respectfully submitted,

THE YOES LAW FIRM, L.L.P.
3535 Calder Avenue, Suite 235
Post Office Drawer 7584
Beaumont, Texas 77726-7584
Tel: (409) 833-2352
Fax: (409) 838-5577
Email: scy@yoeslawfirmm.com

By: _____
Stuart C. Yoes
State Bar No. 00798605

ATTORNEYS FOR DEFENDANT,
KILGORE INDUSTRIAL CIVIL, L.L.C.

R_025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of November 2018, a true and correct copy of the above and foregoing Certificate of Written Discovery has been e-served on Plaintiff's attorney, James E. Wimberley, 221 S. Highway 69, Nederland, TX 77627; email: <u>jim@wimberley.com</u>.


_____

Stuart C. Yoes

R_026