**James Wimberley (*pro hac vice* pending)**
jim@jwimberley.com
**LAW OFFICES OF JAMES WIMBERLEY**
221 S. Highway 69
Nederland, TX  77627
409-853-4095– Telephone
409-853-1462 – Fax

**STEVEN T. GEBELIN (SBN 261507)**
steven@syversonlaw.com
**SYVERSON, LESOWITZ & GEBELIN LLP**
8383 Wilshire Boulevard, Suite 520
Beverly Hills, California 90211
Telephone:   (310) 341-3072
Facsimile:    (310) 341-3070

Attorneys for Plaintiff and Counter Defendant
ISM Industries, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISM INDUSTRIES, INC., | Case No. 2:19-cv-01134-JAK-JC |
| Plaintiff, | Hon. John A. Kronstadt |
| vs. | ISM INDUSTRIES INC.'S ANSWER TO DEFENDANT STEARNS, CONRAD AND SCHMIDT, CONSULTING ENGINEERS, INC. D/B/A SCS ENERGY'S COUNTERCLAIM |
| STEARNS, CONRAD AND SCHMIDT, CONSULTING ENGINEERS, INC. D/B/A SCS ENERGY, MITCHELL ENERGY SERVICES, LLC, AND KILGORE INDUSTRIAL CIVIL, L.L.C., | |
| Defendants. | Trial Date: None Set |
| STEARNS, CONRAD AND SCHMIDT, CONSULTING ENGINEERS, INC. D/B/A SCS ENERGY, | |
| Counterclaimants, | |
| vs. | |
| ISM INDUSTRIES, INC., | |
| Counter-Defendant. | |

Plaintiff and Counter-Defendant ISM Industries Inc. ("Counter-Defendant" or "ISM") by and through their undersigned counsel of record hereby answers Defendant and Counterclaimant Stearns, Conrad and Schmidt, Consulting Engineers, Inc., d/b/a/ SCS Energy ("SCS" or "Counterclaimant") Counterclaim as follows:

## COUNTERCLAIM

Counter-Defendant denies the basis and SCS's counterclaim allegations of the leading unnumbered paragraph.

## JURISDICTION AND VENUE

1. Counter-Defendant neither admits nor denies the allegations contained in Paragraph 1 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 1 may be deemed allegations of fact, the Counter-Defendant denies them.

2. Counter-Defendant neither admits nor denies the allegations contained in Paragraph 2 to the extent those allegations are conclusions of law to which no response is required. Counter-Defendant lacks sufficient information to admit or deny whether Counterclaimant's principal place of business is located in Long Beach, California, and on that basis denies the allegation. To the extent any of the remaining allegations of the Paragraph 2 may be deemed allegations of fact, Counter-Defendant denies them.

## PARTIES

3. ISM admits the allegations contained in Paragraph 3.

4. Counter-Defendant lacks sufficient information to admit or deny whether Counterclaimant's principal place of business is located in Long Beach, California, and on that basis denies the allegation. Counter-Defendant admits the remainder of the allegations contained in Paragraph 4.

## FACTS

## STATEMENT OF FACTS

5. Counter-Defendant admits the allegations contained in Paragraph 5.

6. Based upon information currently available to Counter-Defendant, Counter-Defendant admits the allegations contained in Paragraph 6.

7. Counter-Defendant admits SCS issued the Subcontract to ISM in September 2017, and that the Subcontract may be described as in allegations contained in Paragraph 7, however, subject to said admission, Counter-Defendant responds that the construction obligations of ISM are more accurately detailed within the "Subcontract" as defined within said Paragraph 7.

8. Counter-Defendant lacks sufficient information to admit or deny to admit or deny whether SCS "relied" upon ISM's experience and representations, and on that basis denies the allegation. Counter-Defendant ISM admits that the Subcontract contained a "to be completed" date, however, ISM denies that it was obligated to complete or substantially complete its work by February 11, 2018 under the facts before the court and more particularly, ISM denies, based upon post-contractual additions and modifications completed by SCS that ISM was obligated to substantially complete its portion of the work by February 11, 2018. Counter-Defendant ISM denies the remaining provisions of Paragraph 8.

9. Counter-Defendant denies that SCS provided ISM with a complete and/or detailed bid package and denies that SCS provided a complete package of ISM's drawings, a complete package of civil drawings, a complete package of mechanical drawings, a complete package of process drawings, and a complete package of GPP Isometric drawings. Further, Counter-Defendant ISM denies that the documents provided to it by SCS in the bidding process were properly and completely consistent with industry standards as alleged in Paragraph 9. Counter-Defendant admits the remainder of the allegations within Paragraph 9.

10. Counter-Defendant admits the fact that ISM submitted substantial change orders totaling sums slightly in excess of $1,300,000.00. Counter-Defendant denies the remaining allegations contained within Paragraph 10.

11. Counter-Defendant denies the allegations contained in Paragraph 11.

12. Counter-Defendant denies the allegations contained in Paragraph 12.

13. Counter-Defendant denies the allegations contained in Paragraph 13.

14. Counter-Defendant denies the allegations contained in Paragraph 14.

15. Counter-Defendant denies the allegations contained in Paragraph 15.

16. Counter-Defendant denies the allegations contained in Paragraph 16.

17. Counter-Defendant denies the allegations contained in Paragraph 17.

18. Counter-Defendant admits that at some point in time, SCS began producing partial punch lists requesting ISM perform work, however, Counter-Defendant denies that Counter-Defendant failed to address the punch list items and further denies that Counter-Defendant failed and refused to complete punch list items. Counter-Defendant denies the remaining allegations contained in Paragraph 18.

19. Counter-Defendant denies the allegations contained in Paragraph 19.

20. Counter-Defendant denies the allegations contained in Paragraph 20.

21. Counter-Defendant admits the allegations contained in Paragraph 21.

22. Counter-Defendant admits, in part, the allegations contained in Paragraph 22 in that ISM acknowledges that it has not paid certain subcontractors on the Project, however, Counter-Defendant contends that the nonpayment of those subcontractors was due to breach of obligations due and owing by SCS to ISM.

23. Counter-Defendant admits in part and denies in parts the allegations contained in Paragraph 23. Counter-Defendant admits that one or more of its subcontractors filed a "statement of claim and privilege" pursuant to the Louisiana Private Works Act and additional made claims against SCS's Surety Bond,

however, Counter-Defendant denies that these actions taken by subcontractors were caused solely by acts and omissions of the part of Counter-Defendant.

24. Counter-Defendant denies the allegations contained in Paragraph 24.

25. Counter-Defendant denies the allegations contained in Paragraph 25.

26. Counter-Defendant denies the allegations contained in Paragraph 26.

## COUNT I

### Breach of Contract Against ISM

27. Counter-Defendant hereby reincorporates and reassert its responses to the allegations of Paragraphs 0 through 26 as if fully set forth herein.

28. Counter-Defendant denies the allegations contained in Paragraph 28.

29. Counter-Defendant denies the allegations contained in Paragraph 29.

30. Counter-Defendant denies the allegations contained in Paragraph 30.

31. Counter-Defendant denies the allegations contained in Paragraph 31.

Counter-Defendant denies that SCS is entitled to any relief whatsoever in this action, including without limitation any of the specific relief prayed for in Paragraphs 1-5 of its Prayer for Relief under this Count I.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Counter-Plaintiff SCS's Burden of Proof, or admitting that Counter-Defendants have any burden of proof on the claims of SCS, Counter-Defendants hereby serve the following affirmative defenses. These affirmative defenses are asserted in the alternative, and in no way constitute any admission on the part of Counter-Defendant ISM.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claim)

The Counterclaim and each purported cause of action contained therein, does not state facts sufficient to constitute a claim upon which relief may be granted against

Counter-Defendant. The Counterclaim fails to state any charging allegations against the Counter-Defendant or provide any facts or legal theories upon which Counterclaimant may receive any relief from Counter-Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Performance of Obligations)

Counter-Defendant ISM has preformed all of its allegations with regard any of the agreements entered into with Counterclaimant SCS, and to the extent any obligations of ISM are not fully performed, performance was excused due to acts and omissions on the part of Counterclaimant SCS.

## THIRD AFFIRMATIVE DEFENSE
### (Offset)

Counter-Defendant ISM is entitled to an offset against any damages claimed by Counter-Plaintiff SCS herein in amount equal to the losses incurred as a result of the wrongful acts and omissions on the part of SCS and/or SCS's breach of its written and oral agreements with Counter-Defendant ISM.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

The damages, if any, suffered by Counterclaimant SCS as alleged in their counterclaim were incurred as a direct and approximate result of SCS's own failure to take all reasonable actions, its own breach of its contractual obligations, and its own failure to use reasonable diligence to properly mitigate such damages, if any.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure of Condition Precedent)

A condition precedent to any recovery by Counterclaimant SCS, as required by any contractual agreement, written, oral and/or otherwise demonstrated by course of performance or the custom of the trade, has not occurred, such the claims in the counterclaim are barred in whole or in part.

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The Counterclaim, and/or each purported claim contained therein, is barred, in whole or in part, because such recovery would result in unjust enrichment to the Counter-Plaintiff SCS.

## SEVENTH AFFIRMATIVE DEFENSE

### (Frivolous Claims)

The Counterclaim, and/or each purported claim contained therein, are barred, in whole or in part, on the ground that they are frivolous, unreasonable, not brought in good faith and groundless. Accordingly, Counter-Defendant ISM is entitled to recover all costs and attorneys' fees incurred herein.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent/Ratification)

The Counterclaim filed by SCS, and/or each purported claim contained herein are barred, in whole or in part, on the ground that SCS expressly and/or impliedly consented to gratified or acquiesce in the alleged acts and omissions, if any, and is therefore barred from any relief as prayed for in the subject counterclaims.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Counterclaim, and/or each purported claim contained therein, is barred, in whole or in part, by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Counterclaim, and/or each purported claim contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Justification)

The conduct of Counter-Defendant, ISM, was at all times justified under the circumstances and/or was conduct that was caused by acts and omissions on the part of the Counterclaimant SCS.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

Counterclaimant SCS's claims are barred by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Excuse from Performance)

Counter-Defendant ISM was excused from performing under the alleged agreements.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Breach)

Counter-Defendant ISM did not breach any duty owed to SCS pursuant to the terms of any agreements or as required by governing statutory or common law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Breach by SCS)

Counterclaimant SCS failed to abide by and comply with the terms of the written and/or oral contracts SCS entered into with Counter-Defendant ISM which surprised Counter-Defendant of the benefits they had under said agreements and which breach of contractual obligations, both oral and in writing, not only caused damages, if any, claimed by SCS but also caused substantial damages to ISM.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Affirmative Defenses)

As a separate and affirmative defense, Counter-Defendant ISM is informed and believe, and upon such information and belief allege, that they presently do not have

sufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated affirmative defenses available. Counter-Defendant ISM reserves the right to assert additional defenses in the event that discovery indicates that such additional defenses are appropriate.

## PRAYER FOR RELIEF

Wherefore Counter-Defendant ISM prays for judgment as follows:

a. That Counter-Plaintiff SCS take nothing by way of its Counter-Claims; and that an award be entered in favor of Counter-Defendant on all of SCS's claims;

b. For SCS's to pay to Counter-Defendant the costs of this action and Counter-Defendant' reasonable attorney's fees; and

c. Such other and further relief as justice may require.

DATED: April 8, 2019              Respectfully submitted,

**LAW OFFICES OF JAMES WIMBERLEY**

By: */s/James F. Wimberly*
    JAMES F. WIMBERLEY

**SYVERSON, LESOWITZ & GEBELIN, LLP**

By: */s/Steven T. Gebelin*
    STEVEN T. GEBELIN

*Attorneys for Plaintiff and Counter-Defendant* ISM Industries, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this case. My business address is 8383 Wilshire Blvd., Suite 520, Beverly Hills, CA 90211.

A true and correct copy of the foregoing document described as ISM INDUSTRIES INC.'S ANSWER TO DEFENDANT STEARNS, CONRAD AND SCHMIDT, CONSULTING ENGINEERS, INC. D/B/A SCS ENERGY'S COUNTERCLAIM was served in the manner indicated below:

TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING – Pursuant to controlling General Order(s), the foregoing document will be served by the court via the CM/ECF docket for this case and determined that the following(ing) person(s) are on the Electronic Mail Notice List to receive transmission at the email addresses indicated below:

STEVEN M. BURTON            Email: steve@txconstructionlaw.com
BRIAN KEITH CARROLL         Email: brian@txconstructionlaw.com
E. SCOTT HOLBROOK, JR.      Email: sholbrook@builderslaw.com
*Attorneys for Defendant* Mitchell Energy Services, LLC

CHRISTOPHER D. CAZENAVE    Email: ccazenave@joneswalker.com
CRAIG J. DE RECAT           Email: Cderecat@manatt.com
*Attorneys for Defendant and Counterclaimant* Stearns, Conrad and Schmidt, Consulting Engineers, Inc., *dba* SCS Energy

JAMES A. MORRIS, JR.        Email: jmorris@jamlawyers.com
STUART C. YOES              Email: scy@yoeslawfirm.com
*Attorneys for Defendant* Kilgore Industrial Civil, LLC

JAMES E. WIMBERLEY         Email: jim@jwimberley.com
STEVEN T. GEBELIN           Email: steven@syversonlaw.com
*Attorneys for Plaintiff and Counter-Defendant* Kilgore Industrial Civil, LLC

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 8, 2019, at Beverly Hills, California.

_____
Steven T. Gebelin